**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KAITLIN GATES ENGLER**                                 **CIVIL ACTION**

**V.**                                                                    **NO. 25-145**

**PAYCOM PAYROLL, LLC**                              **SECTION: C (1)**

**ORDER AND REASONS**

Before the Court is <u>Defendant Paycom Payroll, LLC's Motion in Limine Regarding Plaintiff's Husband's Death</u> filed on January 6, 2026 (R. Doc. 32). The motion is **GRANTED**.

Plaintiff, Kaitlin Gates Engler, worked for defendant, Paycom Payroll, LLC, until her termination in March 2023.[1] She sued Paycom for retaliation under the FMLA, retaliation under ERISA, and detrimental reliance.[2] This court dismissed Engler's ERISA and detrimental reliance claims. Only the FMLA retaliation claim remains.

Engler's husband died in November 2024, roughly 20 months after her termination. Paycom moves to exclude all evidence and argument about his death.[3]

The FMLA permits recovery of lost wages, salary, benefits, and other compensation, an equal amount in liquidated damages, and equitable relief. 29 U.S.C. § 2617(a)(1). It does not permit damages for emotional distress. *See, e.g.*, *Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004) ("It is clear that nominal damages are not available under the FMLA because the statutory language of the FMLA specifically limits recovery to actual monetary

---

[1]        R. Doc. 38 at 13-14, ¶ 50.
[2]        R. Doc. 1.
[3]        R. Doc. 32.

1

losses."). Engler's prayer seeks lost income, lost benefits, liquidated damages, a tax adjustment, interest, fees, and costs.[4] Every item is economic based, and no general damages are claimed.

The husband's death, its cause, and the circumstances surrounding it do not make any fact about Engler's termination more or less probable. Fed. R. Evid. 401. Nor do they bear on any recoverable element of damages. The evidence is therefore irrelevant. Fed. R. Evid. 402. Even if viewed as tangentially relevant, the evidence is inadmissible under Federal Rule of Evidence 403. Any probative value of the husband's death, its cause and consequences, is substantially outweighed by a high risk of unfair prejudice. The evidence is excluded. Engler may only testify that she is a widow and the sole provider and caregiver for her child.

Accordingly,

**IT IS ORDERED** that Paycom's motion in limine is **GRANTED**. Evidence relative to the death of Engler's husband, and its circumstances, is excluded. Engler may only testify that she is a widow and the sole provider and caregiver for her child.

New Orleans, Louisiana, this 30th day of June, 2026.



_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

---

[4]    R. Doc. 1 at 6.